UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY POCHAY, | ) |
| Plaintiff | ) |
| | ) |
| v. | )    JURY DEMANDED |
| | )    Civil Action No. 1:13-cv-12013 |
| NCO Financial Systems, Inc. | ) |
| Defendant | ) |
| | ) |

**COMPLAINT**

Plaintiff Kimberly Pochay ("Pochay") brings this action against NCO Financial Systems, Inc. ("NCO") and Does 1-10, inclusive ("NCO Collectors") (together, the "Defendants"), for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). In particular, Ms. Pochay seeks actual and additional statutory damages, together with the costs of this action and reasonable attorney's fees, arising from NCO's unlawful conduct in connection with attempts to collect a debt on behalf of NCO's client, GE Capital Retail Bank ("GE Capital"). The Defendant debt collectors violated the FDCPA when they communicated with Ms. Pochay, known to be represented by counsel, without the assent of counsel, and prior to and without providing the requested verification of the debt. The FDCPA, 15 U.S.C. § 1692c(a)(2), specifically and strictly prohibits communication by a debt collector with a consumer represented by an attorney with respect to that debt and 15 U.S.C. 1692g(b) prohibits further collection of the debt until the collector responds by mail to the debtor's written request for verification of the debt.

THE PARTIES

1.      Plaintiff Kimberly Pochay is a natural person who resides in Bridgewater, Plymouth County, Massachusetts.

2.      At all times relevant to this Complaint, Defendant NCO was a Pennsylvania corporation with a principal place of business in Horsham, Pennsylvania.

JURISDICTION AND VENUE

3.      This Court has jurisdiction over this civil action pursuant to 15 U.S.C. § 1692k(d).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because  NCO operates as a licensed debt collector in Massachusetts and because a substantial part of the events or omissions giving rise to Ms. Pochay's claims occurred in Massachusetts.

STATEMENT OF FACTS

5.      Ms. Pochay is a consumer, as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).[1]

6.      NCO is a debt collector, as that term is defined by the FDCPA, 15 U.S.C. 1692a(6),[2] and is a debt collector licensed by the Commonwealth of Massachusetts.[3]

7.      At some point prior to August 23, 2012 Ms. Pochay allegedly became obligated to GE Capital Retail Bank on a consumer debt, as that term is defined by the FDCPA, 15 U.S.C. 1692a(5).[4]

8.      On or about August 23, 2012, NCO sent a letter to Ms. Pochay requesting payment in full of the alleged credit card debt ($4462.91) and otherwise noticing its intent to assign the account to a collector. *Exhibit 1, Letter from NCO Financial Systems to Kimberly Pochay dated August 23, 2012.*

---

[1]"The term "consumer" means any natural person obligated or allegedly obligated to pay any debt."

[2]"The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

[3] License No. DC0430, 120 Front Street, Suite 700, Worcester, MA, 01608.

[4]"The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

9.      On or about September 4, 2012 undersigned counsel faxed to NCO's legal department a notice of representation, demand for verification and validation of the alleged debt, notice that Ms. Pochay disputed the debt, and a request to cease and desist all communications with Ms. Pochay. *Exhibit 2, Letter from Barbara L. Horan, Esq. to NCO dated September 4, 2012.*

10.     NCO did not provide the requested verification and validation of the alleged GE Capital Retail Bank credit card debt.

11.     Instead, on or about November 20, 2012, a collector from NCO telephoned Ms. Pochay at her residence in a further attempt to collect on the alleged GE Capital Credit card debt.

12.     On December 20, 2012, NCO again contacted Ms. Pochay by telephone at her residence in an attempt to collect on this debt.

## COUNT I
### Violation of FDCPA, 15 U.S.C. § 1692c(a)(2)

Despite having received a notice of representation by counsel and a cease and desist request in September, 2012, NCO telephoned Ms. Pochay directly in November, 2012 and again in December, 2012 in an attempt to collect on an alleged GE Capital Retail Bank credit card debt. These actions constituted improper communications by a debt collector with a consumer represented by an attorney with respect to that debt, in violation of 15 U.S.C. § 1692c(a)(2).[5] As a result of the Defendants' unlawful conduct, Ms. Pochay has experienced severe anxiety and emotional distress, for which she now seeks actual and statutory damages, together with costs and attorney's fees.

---

[5] "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

COUNT II

Violation of FDCPA, 15 U.S.C. 1692g(b)

Ms. Pochay, by and through counsel, timely disputed the alleged GE Capital Retail Bank credit card debt referenced in NCO's initial dunning letter of August 23, 2013, and requested verification and validation of that debt. NCO failed to provide the requested verification and validation. Instead, on November 20, 2012 and again on December 20, 2012 NCO telephoned Ms. Pochay directly in an attempt to collect on that debt. These actions constituted improper conduct by a debt collector in connection with collection of a consumer debt, in violation of 15 U.S.C. 1692g(b).[6] As a result of the Defendants' unlawful conduct, Ms. Pochay has experienced severe anxiety and emotional distress, for which she now seeks actual and statutory damages, together with costs and attorney's fees.

JURY DEMAND

Plaintiff requests a trial by jury on all claims.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Kimberly Pochay, prays for judgment in her favor and against Defendant NCO Financial Systems, Inc. on each count of this Complaint, and for an Order granting her relief as follows:

- Actual damages in an amount to be determined at trial;

- Statutory damages in the amount of $1000.00;

- Costs and reasonable attorney's fees;

- Such other and further relief as this Court deems just and proper.

---

[6] "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

Respectfully submitted,
KIMBERLY POCHAY,
By her attorney,

Dated: August 21, 2013                    */s/ Barbara L. Horan*
                                          Barbara L. Horan
                                          BBO #652151
                                          Law Office of Barbara L. Horan
                                          800 Hingham Street
                                          Rockland, MA 02370
                                          (855) 488-4400
                                          blh@BLHLaw.net